IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 4499 |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Plaintiff Evelyn Gomez's (Gomez) motion for summary judgment, and on Defendant Portfolio Recovery Associates, LLC's (Portfolio) motion for summary judgment. For the reasons stated below, Gomez's motion for summary judgment is granted, and Portfolio's motion for summary judgment is denied.

## BACKGROUND

Gomez allegedly incurred a debt (Debt) on a Sears credit card (Card). Portfolio allegedly purchased the Debt from the company that originally held the Debt. Portfolio then allegedly engaged in efforts to collect the Debt from Gomez and Gomez in turn sought legal aid at Debtors Legal Clinic (Clinic). Gomez contends

that on June 5, 2014, a lawyer from the Clinic sent a letter (Letter) on her behalf to Portfolio indicating that she disputed that Debt. In May 2015, Portfolio allegedly communicated credit information to TransUnion consumer reporting agency (TransUnion) and Portfolio failed to indicate that the Debt was disputed by Gomez. Gomez includes in her complaint a claim alleging a violation of 15 U.S.C. § 1692e(8) (Section 1692e(8)) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Gomez and Portfolio now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in

favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

Section 1692e(8) provides the following:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

15 U.S.C. § 1692e(8). It is undisputed that Gomez is a consumer. (R PSF Par. 6). It is undisputed that the Letter specifically stated that "the amount reported is not accurate." (R PSF Par. 23). It is undisputed that Portfolio communicated to TransUnion credit information regarding the Debt allegedly owed by Gomez. (R PSF Par. 17-18). In addition, although Portfolio questions whether Gomez properly informed Portfolio that the Debt was disputed, Portfolio did not communicate to TransUnion that the Debt was disputed. (R PSF Par. 17).

3

I. Consumer Debt

Portfolio argues that Gomez has not shown that the Debt is a consumer debt covered by the FDCPA. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Gomez states in her statement of facts that she "used the account associated with the alleged debt to make purchases solely for personal purposes and did not use the car for business purposes." (PSF Par. 6). At her deposition, Gomez indicated that she used the Card to buy "gas, clothes, things like that" for her personal use. (G Dep. 24). Portfolio attempts to dispute such facts, but cites no evidence that would indicate anything contrary to the facts set forth by Gomez. Portfolio sets forth no evidence that would indicate that Gomez used her Sears card for anything other than personal matters. Instead, Portfolio merely questions whether Gomez's statements are sufficient evidence. That is not a proper basis to dispute facts in a statement of facts and, pursuant to Local Rule 56.1, such facts are deemed to be undisputed. The transcript from Gomez's deposition and her declaration are appropriate pieces of evidence that can be relied upon in support of a statement of facts and a motion for summary judgment. The court also notes that although Portfolio now questions whether Gomez used the Card for business purposes, Portfolio was allowed to depose Gomez in this case and had every opportunity to ask Gomez whether she had used the Card

4

for business purchases. Portfolio fails however to point to any portion of the deposition when such a question was asked. Portfolio does not even suggest in its filings that Gomez actually used the card for business purposes. Portfolio's objection to such facts under Local Rule 56.1 is not a valid objection. Thus, it is undisputed that the Debt is a consumer debt covered by the FDCPA.

II. Debt Collector

Portfolio argues that Gomez has not shown that Portfolio is a debt collector covered by the FDCPA. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Gomez has presented evidence showing that Portfolio was acting as a debt collector in regard to its involvement with the Debt. Portfolio again presents the court with no contrary evidence that would call into question that it is a debt collector that falls within the FDCPA's purview. Portfolio does not even challenge any of the facts that clearly show that it's a debt collector. Portfolio merely quibbles with the evidence presented by Gomez and offers objections that lack any merit. Pursuant to Local Rule 56.1, Portfolio acted as a debt collector under the FDCPA in regard to its involvement with the Debt.

III. Bona Fide Error

Portfolio argues that it made a bona fide error in failing to report that the Debt was disputed. The bona fide error provision in the FDCPA provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C.§ 1692k(c). It is thus Portfolio's burden to establish the bona fide error defense. *Id.*

Portfolio argues that it should be excused for its false statement to TransUnion because, according to Portfolio, it was not clearly indicated in the Letter that Gomez was disputing the Debt. This argument is unpersuasive since it is undisputed that Gomez informed Portfolio in the Letter that she believed that "the amount reported is not accurate." (R PSF Par. 23). Such a statement by its very essence indicates that Gomez challenges the Debt and has a dispute in regard to the Debt. Portfolio also contends that it is unfair to require them to have personnel capable of "deciphering" the "cryptic" statement in the Letter and understand its meaning. (PSJ Resp. 9). Portfolio did not have to train legal personnel to decipher the meaning of the Letter to understand that Gomez was disputing the Debt. It was as clear as day based on a plain reading of the Letter from a lay person perspective that Gomez was disputing the Debt. Portfolio is not an unsophisticated lay person that is unfamiliar with such matters. The undisputed facts show that Portfolio knew exactly what it was communicating or not communicating to TransUnion. Nor was this some "clerical or factual mistake" that would be excusable under the FDCPA. *Leeb v. Nationwide*

*Credit Corp.*, 806 F.3d 895, 899 (7th Cir. 2015).

Next Portfolio asks to be excused for its false statement because, according to Portfolio, the language indicating a dispute was in a form letter and was somehow "buried" in the Letter. (PSJ Resp. 3). There is, however, nothing in the FDCPA that prohibits someone such as Gomez with limited financial means from using a form letter to dispute a debt. Nor was the assertion of the dispute hidden in the Letter. The Letter is on one page and consists only of seven short sentences. The phrase stating that the "amount reported is not accurate" is in the same size font as all other font in the Letter and appears within one of the six sentences in the Letter. Anyone at Portfolio who made even the most rudimentary effort to examine this Letter and took the few seconds required to actually read the Letter would have understood that the Debt was disputed. Portfolio claims to have various training mandates and training manuals regarding the handling of disputes, but such training appears to be inadequate if such an obvious dispute was not noticed or, if noticed, was disregarded. It was Portfolio's obligation under the law as a debt collector to make such a rudimentary investigation before reporting false information to TransUnion. Like other consumers, Gomez relies on credit history to conduct her daily activities and false or sloppy reporting to credit agencies by debt collectors can cause significant hardship and inconvenience. If a debt collector were able to avoid liability simply by claiming to have acted unintentionally because it failed to notice a statement disputing a debt, Section 1692e(8) would have no meaning. Such a broad reading of the bona fide error exception would not promote the goal of the FDCPA in protecting

consumers from abusive, deceptive, and unfair debt collection practices. *See Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997)(stating that "[t]he primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process"); *Gagliano v. State Collection Serv.*, 2016 WL 2853538, at *8 (E.D. Wis. 2016)(referencing "the FDCPA's goal of protecting consumers against abusive debt collecting practices"). Thus, the undisputed facts show that Portfolio has not met its burden to show that it is entitled to relief under the bona fide error provision in the FDCPA.

IV. Materiality of Error

Portfolio argues that even if it made an error in reporting the Debt, any error was not a material one. The FDCPA protects consumers only against a false statement that is material, meaning that the statement "would . . . influence a consumer's decision . . . to pay a debt . . . ." *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009); *See also Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008)(stating that "if a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt"). Whether or not a consumer is disputing a debt is no minor matter that could be deemed an immaterial aspect of the debt. Such a false and misleading statment would likely influence a

consumer's decision to pay a debt. The fact that a consumer has disagreed with the reported debt is an extremely pertinent piece of information, particularly when that information is being given to a credit reporting agency such as in this case. Such a false and misleading statement by Portfolio could have had far reaching consequences for Gomez in her daily life. Thus, Portfolio's false statement to TransUnion was not a false statement of an immaterial nature.

V. Actual Damages

Portfolio argues that Gomez lacks standing in this case because she has not alleged actual damages. Portfolio has not cited any controlling precedent that holds that an actual injury is required for standing to pursue FDCPA claims. The FDCPA provides for statutory damages and includes no provision limiting such damages to instances where a plaintiff has suffered actual damages. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003)(stating that "[t]he FDCPA provides for liability for attempting to collect an unlawful debt, . . . and permits the recovery of statutory damages up to $1,000 in the absence of actual damages," and "[t]hus, courts have held that actual damages are not required for standing under the FDCPA"). Portfolio cites *DeKoven v. Plaza Associates*, 599 F.3d 578 (7th Cir. 2010) in support of its standing argument. (PSJ Resp. 10). However, in that case, the court was not presented with the issue of standing or the whether actual damages are required for a FDCPA claim. *Id.* The Seventh Circuit has clearly indicated that a plaintiff has the option under the FDCPA to seek only statutory damages. *Bartlett v.*

9

*Heibl*, 128 F.3d 497 (7th Cir. 1997)(indicating that the plaintiff was "not seeking actual damages" and was "seeking only statutory damages, a penalty that does not depend on proof that the recipient of the letter was misled"). Thus, Gomez has standing in this action.

VI. Validity of Dispute

Portfolio argues that Gomez should not be able to pursue a Section1692e(8) claim, contending that Gomez did not have a valid basis for disputing the Debt. Gomez has shown that she had a good faith basis to dispute the Debt. In any case, the ultimate validity of the dispute is immaterial. Section 1692e(8) relates to a debt collector's reporting obligations. Gomez informed Portfolio that the Debt was disputed and it was Portfolio's obligation under the FDCPA to report that fact to TransUnion. Portfolio cannot avoid liability for its misconduct by questioning the validity of the dispute in the aftermath of its false statements. The FDCPA did not obligate Portfolio to report the Debt as disputed only if in retrospect Portfolio determined that the dispute was justified. *See Emerson v. Fid. Capital Holdings, Inc.*, 2015 WL 5086458, at *1 (N.D. Ill. 2015)(quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001) for the proposition that " [t]he consumer's right to take the position . . . that a debt is disputed does not depend on whether the consumer has a valid reason not to pay"); *Hoffman v. Partners in Collections, Inc.*, 1993 WL 358158, at *4 (N.D. Ill. 1993)(stating that "[t]here is no requirement that any dispute be 'valid' for" the FDCPA "to apply; only that there be a dispute"). Nor

was Portfolio authorized under the FDCPA to demand a reason for the dispute and then judge for itself whether the Debt should be deemed disputed. *See DeKoven*, 599 F.3d at 582 (indicating that "the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it"). Thus, Portfolio cannot avoid liability by contesting the validity of the dispute. Portfolio also attempts to present arguments as to whether Gomez instructed her attorney to tell Portfolio that the Debt was disputed. Again, however, the ultimate validity of any dispute is not relevant. Gomez's attorney acted on her behalf and made the determination to indicate that the Debt was disputed.

Based on the above, the undisputed facts in this case show that Portfolio did not accurately report to TransUnion that the Debt was disputed. Portfolio has not shown that it made a bona fide mistake, and Gomez is entitled under the FDCPA to be compensated for Portfolio's improper credit collection practices. Therefore, Gomez's motion for summary judgment is granted and Portfolio's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Gomez's motion for summary judgment is granted and Portfolio's motion for summary judgment is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 20, 2016